IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**TAMMY MEADOWS,**

    **PLAINTIFF,**

v.                                           CIVIL ACTION NO.: 3:21-cv-3697

**HILL-KELLY DODGE, INC.**

    **DEFENDANT.**
_____/

## COMPLAINT

Plaintiff, Tammy Meadows, (hereinafter referred to as the "Plaintiff" or "Meadows"), by and through the undersigned counsel, sues the Defendant, Hill-Kelly Dodge, Inc. (hereinafter referred to as the "Defendant" or "HKD"), and alleges as follows:

## INTRODUCTION

Plaintiff brings this action for interference and violation of her federally protected rights under the Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654.

## JURISDICTION AND VENUE

1. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

2. Defendant is considered an employer within the terms and conditions

1

of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Molino, Florida worksite.

3. Plaintiff worked for Defendant from May 2020, until October 6, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

4. The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

5. Costs and attorney's fees are sought pursuant to 29 USC §§ 2611 et seq. ("FMLA"), and Fed. R. Civ. P. 54 as set forth herein.

6. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## PARTIES

7. Plaintiff a citizen of the State of Florida who resides in Pensacola, Florida.

8. Defendant, Hill-Kelly Dodge, Inc., (hereinafter, referred to, as "HKD"), is a for profit corporation, with its principal place of business located at 6171 Pensacola Blvd., Pensacola, Florida 32505. Defendant is authorized to do business and is conducting business in Pensacola, Escambia County, Florida, wherein it is engaged in the business of automobile sales, service and repairs to the general public.

## FACTS

9. Plaintiff began her employment with Defendant as an executive assistant to Ms. Melinda Fiveash, owner of Hill-Kelly Dodge, Inc., in May 2020.

10. During her one year and five months of employment with Defendant, Plaintiff worked in excess of forty (40) hours per week.

11. In September 2021, Plaintiff contracted Covid-19, while working for Defendant.

12. Plaintiff thereafter contracted a severe case of viral pneumonia.

13. As a result of the viral pneumonia, Plaintiff was incapacitated for more than three consecutive days and required a regimen of continuing medical treatment and was under the supervision of her doctor while undergoing this medical treatment.

14. On September 22, 2021, Plaintiff notified Ms. Fiveash via a text message that she was in the hospital with pneumonia.

15. On September 23, 2021, Plaintiff notified Ms. Fiveash that she was being discharged from the hospital after being diagnosed and treated for pneumonia.

16. On September 27, 2021, Plaintiff informed Ms. Fiveash that she had a follow-up appointment with doctor for her pneumonia.

17. On September 30, 2021, Plaintiff informed Ms. Fiveash that she went back to see her doctor because she was still not doing well and her pneumonia was not getting better.

18. Following her September 30, 2021 doctor's appointment, Plaintiff informed Ms. Fiveash that her doctor placed her on stronger antibiotics and that a chest x-ray showed that her left lung was full of pneumonia and as a result, she would not be returning to work or able to meet with her as originally planned.

19. On October 4, 2021, Ms. Fiveash texted Plaintiff that because she was unable to come into work on September 29, 2021, to discuss her continued employment and texted on September 30, 2021, about her follow-up appointment and updated medical status, and that she had not provided a doctor's note, she was in violation of Defendant's attendance policy.

20. On October 6, 2021, Plaintiff received a letter from Brenda Stone, Hill-Kelly Dodge, Inc., payroll administrator, informing her that her employment had been terminated for job abandonment for failure to return to work.

## FIRST CAUSE OF ACTION
(FMLA INTERFERENCE)

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 2 and 3, and 8 through 20 of this complaint with the same force and effect as if set forth herein.

22. Defendant had more than sufficient knowledge that Plaintiff's absences were because of her pneumonia, which is a serious health condition and an FMLA-qualifying medical condition.

23. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

24. On September 22, 2021, when Defendant acquired sufficient knowledge that Plaintiff's leave may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of her eligibility to take FMLA leave within five business days.

25. The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

26. Defendant never provided Plaintiff with any type of written notice regarding her FMLA rights, thus interfering with and denying her substantive rights under the FMLA.

27. On October 6, 2021, Defendant terminated Plaintiff for job

abandonment for failure to return to work because of absences related to her FMLA qualifying medical condition.

28. Defendant acted with malice and with reckless disregard and interfered with Plaintiff's federally protected rights.

29. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

30. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the FMLA;

    b) Enjoining and permanently restraining those violations of the FMLA;

    c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment

opportunities;

    d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B).

    e)    Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii)

    f)    Awarding liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii).

    g)    Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper;

    h)    Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: November 23, 2021.    By: */s/ Clayton M. Connors*
                                       CLAYTON M. CONNORS

Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff